IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BOBBY J STARKER,

     Petitioner,

v.                       CASE NO. 1:09-cv-00247-MP -GRJ

WALTER A MCNEIL,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by fling a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging a 2003 Alachua County conviction and sentence for sexual battery and false imprisonment, for which he is serving a 40-year sentence as a habitual violent offender. Doc. 1. Now pending before the Court is Respondent's motion to dismiss the Petition as time-barred. Doc. 18. Petitioner has not filed a response to the motion. Upon due consideration, the Court recommends that the motion be granted.[1]

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" The one-year limitations period is statutorily tolled

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Petitioner was sentenced on August 14, 2003. Respondent's Appendix ("App.") Exh. A. The Florida First District Court of Appeal affirmed the conviction and sentence on September 21, 2004. App. Exh. B; *Starker v. State*, 883 So. 2d 283 (Fla. 1st DCA 2004). Petitioner's conviction became final 90 days later, on December 21, 2004, when the time for filing a petition for a writ of certiorari in the Supreme Court expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002) (Petitioner has ninety days to seek certiorari in Supreme Court after direct review in state courts).

Petitioner filed a motion to correct illegal sentence on June 24, 2005. App. Exh. C. At that point, 185 days of the federal filing period had elapsed. The trial court denied the motion, and on April 5, 2006, the Florida First District *per curiam* affirmed without written opinion. App. Exh. E; *Starker v. State*, 926 So. 2d 1277 (Fla. 1st DCA 2006). The mandate issued on May 2, 2006. App. Exh. F. During the pendency of that appeal, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on January 10, 2006. App. Exh. G. The trial court denied the motion, and on April 21, 2008, the Florida First District *per curiam* affirmed without written opinion. App. Exh. I; *Starker v. State*, 980 So. 2d 495 (Fla. 1st DCA 2008). The court issued its mandate on May 7, 2008. App. Exh. J.

These state-court proceedings tolled the federal filing period, but tolling ceased on May 7, 2008. At that point, only 180 days remained within which Petitioner could file a timely federal habeas petition. 328 days elapsed until March 30, 2009, when

Petitioner filed a state petition for a writ of habeas corpus in the Florida First District. App. Exh. K. The Florida First District denied relief on May 15, 2009. App. Exh. L; *Starker v. State*, 9 So. 3d 763 (Fla. 1st DCA 2009). At the time Petitioner filed his state habeas petition, the federal limitations period had already expired. Petitioner's state habeas case did not toll the federal limitations period because there was nothing left to toll. Accordingly, the instant federal habeas petition, which Petitioner provided to prison officials for mailing on November 30, 2009, is clearly untimely. Petitioner has offered no grounds for any additional tolling of the limitations period.

For the foregoing reasons it is respectfully **RECOMMENDED** that the motion to dismiss the petition as time-barred, Doc. 18, be **GRANTED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS** this 12ᵗʰ day of January 2011.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**