IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BOBBY J STARKER,

    Petitioner,

v.                                      CASE NO. 1:09-cv-00247-MP -GRJ

WALTER A MCNEIL,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 21, Report and Recommendation of the Magistrate Judge, which recommends that, Doc. 18, Motion to Dismiss 28 U.S.C. § 2254 petition for writ of habeas corpus be granted as time-barred and that a certificate of appealability be denied. Petitioner timely objected to Magistrate Judge's Report and Recommendation. This Court reviews objected-to material *de novo*.

Section 2244 of Title 28, United States Code provides a one-year time limitation period for the filing of petitions for writ of habeas corpus. This period runs from the date the conviction becomes final on direct review. 28 U.S.C. §2244(d)(1)(A). This time period is tolled during the pendency of a properly filed motion for post conviction relief in state court. § 28 U.S.C. §2244(d)(2).

Petitioner's conviction became final for purposes of the AEDPA on Tuesday, December

21, 2004, when the 90 day period to file a writ of certiorari in the United States Supreme Court expired following the decision in his direct appeal. 185 days later on June 24, 2005, Petitioner filed his motion to correct illegal sentence tolling his time. Petitioner filed a motion for post conviction relief during the pendency of the appeal from his motion to correct illegal sentence which tolled his time until the issuance of the mandate in 3.850 appeal on May 7, 2008. 328 days later, on March 30, 2009, Petitioner filed his state habeas petition. At the time Petitioner filed his state habeas petition, the federal limitations period had already expired. Petitioner's state habeas case did not toll the federal limitations period because there was nothing left to toll. The Magistrate Judge was correct when he concluded that "the instant federal habeas petition, which Petitioner provided to prison officials for mailing on November 30, 2009, is clearly untimely."

Petitioner's objections to the Magistrate Judge's Report and Recommendation merely blame the law clerk at Union Correctional Institution for his untimely habeas petition. This is insufficient grounds for additional tolling of the limitations period. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Motion to Dismiss petition for writ of habeas corpus as untimely is GRANTED.

2. The Report and Recommendation of the Magistrate Judge, Doc. 21, is ADOPTED and incorporated herein.

2. Petition for writ of habeas corpus, Doc.1, is DENIED with prejudice.

3. Certificate of Appealability is DENIED pursuant to § 2254 Rule 11(a).

**DONE AND ORDERED** this  *2nd* day of February, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge

*Case No: 1:09-cv-00247-MP -GRJ*